UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANH NGUYEN,<br><br>            Plaintiff,<br>v.<br>JO ANNE BARNHART,<br>Commissioner of Social Security,<br><br>            Defendant. | Case No. 06cv1271-BEN (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br>**[DOC. NOS. 8, 9]** |

Plaintiff Manh Nguyen seeks judicial review of the Social Security Commissioner's decision to deny disability insurance benefits under Titles II and XVI of the Social Security Act ("Act"). Cross motions for summary judgment were filed and the motions were referred to the Magistrate Judge. On April 13, 2007, the Honorable Magistrate Judge Barbra L. Major issued a Report and Recommendation ("Report") recommending that the decision denying continued benefits to Plaintiff be affirmed. Specifically, Magistrate Judge Major found that the Commissioner's decision was supported by substantial evidence. Timely objections were filed on May 4, 2007,[1] by the Plaintiff. No reply was filed by the Defendant.

The Court's role in reviewing the Report is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the Court "shall make a *de novo* determination of those portions of the report . . . to which objection is

---

[1] Plaintiff originally filed her objection on May 4, 2007, which was timely. An amended objection was later filed on May 8, 2007.

made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." *Id. See also*, *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise. Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct."). Notwithstanding, the Court has made a *de novo* review of the entire Report, and agrees with Judge Major's reasoning and conclusions as set forth in the Report. *See* 28 U.S.C. § 636(b). Accordingly, the Court adopts the Report in full.

## I. DISCUSSION

As the facts are uncontested, and fully set forth in the Report, the Court does not repeat them here. Plaintiff essentially contends that she suffers from numerous impairments, which in combination have rendered her disabled since approximately 1989. As a result, she alleges that the Administrative Law Judge's ("ALJ") denial of her claim for reinstatement of disability benefits constituted legal error. In her Objection to the Report, Plaintiff essentially argues two main points. First, Plaintiff claims that the ALJ failed to properly evaluate Plaintiff's alleged mental disability by: 1) not sufficiently developing the record; 2) erroneously disregarding the opinions of her treating physicians; and 3) and improperly rejecting Plaintiff's own subjective symptom testimony. Related to this objection, Plaintiff also argues that her due process rights were violated when the ALJ failed to adequately develop the record because she appeared before the ALJ without counsel. Secondly, Plaintiff argues that the combined impact of both her physical and mental impairments rendered her disabled as well. Plaintiff further argues that the ALJ erred by failing to consider the combined impairments a disability. For these reasons, Plaintiff alleges that the ALJ's decision is not supported by substantial evidence.[2]

In a social security case, the Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988) (internal citation omitted). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandgathe v. Charter*, 108 F.3d 978,

---

[2] While the Court acknowledges that Plaintiff has made other more generalized objections, the Court has focused its inquiry solely on Plaintiff's specifically stated objections. *See generally, Reyna-Tapia*, 328 F.3d at 1121.

980 (9th Cir. 1997) (citation omitted). The ALJ has an independent "'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal citation omitted). This duty is more pronounced where, as here, the claimant was unrepresented at the hearing and where the claimant may be mentally ill and thus unable to protect her own interests. *See Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978); *see also Higbee v. Sullivan*, 975 F.2d 558, 562 (9th Cir. 1992). The Court is satisfied that the ALJ took sufficient steps to discharge her duty in developing the record fully and fairly, and elicited from witnesses all facts relevant to Plaintiff's disability claim.

The documentary evidence before the ALJ included, *inter alia*, medical reports, physicians' office and progress notes, mental examinations, laboratory results, nursing notes, and improvement reviews, all of which detailed Plaintiff's medical treatment during the twelve-month period preceding the cessation of Plaintiff's benefits. Indeed, numerous records obtained from Plaintiff's family physician, Dr. Nguyen, exceed this twelve-month period. Furthermore, the ALJ thoroughly discussed with Plaintiff her medical history and treatment records (and the lack thereof) in an attempt to elicit an accurate chronology of treatment for her alleged physical and mental impairments.

While the Plaintiff maintains that the ALJ erroneously disregarded the opinions of her treating physicians and improperly rejected Plaintiff's own subjective symptom testimony by failing to provide sufficient reasons for these determinations in the process, the Court is not persuaded by Plaintiff's argument. Plaintiff alleges that the ALJ erred in rejecting the opinions offered by treating physicians Nguyen and Bari in favor of those advanced by examining physician Carroll and expert Bolter. However, the Court finds that the ALJ articulated specific and legitimate reasons to support her decision not to afford controlling weight to the opinions offered by treating physicians Nguyen and Bari. *See e.g.*, *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003).

Specifically, the ALJ noted that the extreme limitations Dr. Bari attributed to Plaintiff were contradicted by the results of Dr. Carroll's consultative examination, as well as Plaintiff's own testimony that she had neither sought nor received psychiatric treatment in more than ten years. Where a treating physician's opinion, like Dr. Bari's, is contradicted by that of a non-treating physician (Dr. Carroll), and the opinion of the non-treating source is based on independent clinical findings, "the

opinion of the non-treating source may itself be substantial evidence." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Here, the ALJ appropriately compared the physicians' opinions and determined, based on her review of the record as a whole, that Dr. Carroll's opinion was entitled to more weight.

Turning to Dr. Nguyen, the ALJ rejected the generalist's opinion that Plaintiff's asthma, diabetes, hypertension, headaches, and chronic depression rendered her disabled, explaining that the opinion was: (1) inconsistent with Dr. Nguyen's own "longitudinal notes reporting a generally normal physical examination throughout 2003, 2004 and 2005"; and (2) unsupported by "medical signs and laboratory results" required under the Regulations. Again, inconsistencies between a physician's assessment of a claimant's limitations and that physician's own medical notes can support the rejection of that physician's opinions. *See Connett*, 340 F.3d at 875; *see also*, *Tonapetyan*, 242 F.3d at 1149 (an ALJ can opt not to afford a treating physician's opinion considerable deference when that physician's opinion is largely conclusory and inadequately supported by clinical findings). Thus, with regard to Dr. Nguyen, the ALJ set forth "specific, clear and convincing reasons" to reject the generalist's opinions. *See Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996). As a result, the Court finds that the ALJ's rejection of Drs. Bari and Nguyen's opinions did not constitute legal error.

Despite the ALJ's persistent questioning, Plaintiff was unable or unwilling to provide any additional specific medical information and, therefore, there was no provider with whom the ALJ needed to follow up. The ALJ posed specific questions to Dr. Bolter that elicited a comprehensive response from the medical expert regarding the nature and extent of Plaintiff's condition. For these reasons, the Court finds that ample evidence was present in the record to allow for the ALJ's proper evaluation of Plaintiff's alleged impairments. *See Smolen*, 80 F.3d 1273 at 1288. The Court also finds that the record was in no way ambiguous such that the ALJ was duty bound to "conduct an appropriate inquiry" or to seek further clarification. *Id*. Under these circumstances, the Court finds that the ALJ was under no obligation to seek out additional records or testimony.

Lastly, Plaintiff contends that the combined effect of her physical and mental impairments renders her disabled. In this case, the ALJ reviewed the record medical evidence in great detail, and determined that while Plaintiff suffered from the severe physical impairments of asthma and diabetes,

the evidence did not support a finding of a severe mental impairment.  The ALJ also undertook an impairment-by-impairment analysis of those other impairments Plaintiff alleged and provided substantial evidence to support her findings that these other impairments were not sufficiently severe. Next, the ALJ determined that despite her severe physical impairments (asthma and diabetes), Plaintiff regained the residual functional capacity ("RFC") to perform the exertional requirements of a significant range of medium work.  In particular, the ALJ found that Plaintiff was able to

> lift/carry 25 pounds frequently; lift/carry 50 pounds occasionally; stand/walk six hours per eight-hour day; sit six hours per eight-hour day; occasionally climb stairs and ramps; cannot climb ladders, ropes, or scaffold; can occasionally balance, stoop, kneel, crouch and crawl; and should avoid any exposure to extreme heat or cold, fumes, odors, poorly ventilated environments, and unprotected heights.

AR at 20, 25.  The ALJ based these findings in large part on Dr. Gerson's internal medicine assessment of Plaintiff, as well as the SSA physicians' evaluation of Plaintiff's RFC.  In relying on the opinions of Dr. Gerson and the SSA physicians rather than those of Plaintiff's treating physicians, the ALJ: (1) explained that the non-treating physicians' opinions were "consistent with the totality of the evidence"; (2) underlined that the treating physicians' opinions were characterized by internal contradictions and were unsupported by clinical findings; and (3) offered numerous specific and legitimate reasons for discrediting the treating physicians' opinions.  The ALJ further supported her findings by evaluating the testimony provided by Plaintiff, Plaintiff's husband, and Plaintiff's daughter, identifying specific examples of testimony she found less than credible and articulating appropriate reasons to justify her decision to discount such testimony.  Finally, the ALJ thoroughly referenced the Vocational Expert's testimony regarding Plaintiff's ability to perform other work before determining that Plaintiff was capable of performing unskilled work at the medium and light exertional levels.

## II. <u>CONCLUSION</u>

The ALJ's decision in this case was supported by substantial evidence in the record as a whole and was free from legal error. Accordingly, Defendant's Cross-Motion for Summary Judgment [Doc. No. 9] is **GRANTED** and Plaintiff's Motion for Judgment Reversing the Commissioner's Order [Doc. No. 8] is **DENIED**.

**IT IS SO ORDERED.**

DATED:  September 4, 2007

_____
Hon. Roger T. Benitez
United States District Judge